HEATHER E. WILLIAMS, #122664
Federal Defender
DOUGLAS BEEVERS, #288639
Assistant Federal Defenders
801 I Street, 3rd Floor
Sacramento, CA 95814
Tel: (916) 498-5700/Fax: (916) 498-5710

Attorneys for Defendant
JOSEPH ALLEN DAVIS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH ALLEN DAVIS,<br><br>Defendant. | Case No. 2:25-cr-00189- TLN<br><br>**DEFENDANT'S FORMAL OBJECTION TO THE PRE-SENTENCE REPORT SENTENCING MEMORANDUM**<br><br>Date: March 26, 2026<br>Time: 9:00 a.m.<br>Judge: Hon. Troy L. Nunley |

Defendant, JOSEPH ALLEN DAVIS, submits his formal objections to the pre-sentence report filed on March 6, 2026.

**1. Paragraph 5: Relevant Conduct**

Defense objects that this April 12, 2025 was relevant conduct with the offense of conviction which occurred on May 23, 2025. Mr. Davis objects to the factual description based on hearsay from witnesses whose identity and connection to the other parties is unknown. Mr. Davis is facing criminal charges in Yolo county for that conduct and therefore invokes high Fifth Amendment right to remain silent. Defense object that even if this conduct is true there is no evidence that the two incidents were connected by a common scheme or plan. *See United States v. Vargem*, 747 F.3d 724, 732 (9th Cir. 2014). In *Vargem*, *supra,* the Court held that for firearms to be included in relevant conduct there must be proof of a common scheme or plan or modus operandi. history must be increased by 3 points.

**2. Paragraph 7: Different Firearm**

The firearm possessed on May 23, 2025 was not the firearm as the export report determined that the firearm was likely not the firearm and the firearm in the incident was silver whereas the firearm found in the house was black.

**3. Paragraphs 14: +4 Use in a Crime Enhancement**

Mr. Davis also objects to paragraph 14 recommending a +4 enhancement for "used or possessed any firearm or ammunition in connection with another felony offense." §2K2.1(6)(B). Mr. Davis objects to this enhancement first as it is not relevant conduct and second as he committed no felony other than illegal firearms possession. Section 2K2.2 comment 14 explains that "another felony offense" means offenses other than illegal firearms possession. Defense contends that even if Mr. Davis was guilty of illegal possession of firearms on April 12, 2025, he still would not be guilty of any other crime by using the firearm in lawful self-defense. Under California law the Government has the burden of disproving self-defense and in this case the other parties seem to have fired nearly simultaneously.

Defense requests an evidentiary hearing on this contested factual issue. Defense has not received any discovery regarding the hundreds of witnesses who observed the incident.

**4. Paragraph 59: Final Guideline range**

If the Court grants the objection the final guideline range is offense level 17 with criminal history category III for a range of 30-37 months prison.

**5. Sentencing Factors**

Defense asks the Court to impose a low-end of the guideline sentence as agreed to by the parties for the purpose of sentencing him for the specific conduct of possessing a firearm by a felon. Such a sentence would give Yuba County prosecutors and judges the freedom to resolve their case on its own merits without having to take into consideration whether Mr. Davis has already been punished in part by this federal prosecution.

DATED: March 10, 2026

Respectfully submitted

*/s/ Douglas Beevers*
DOUGLAS BEEVERS
Assistant Federal Defender
Attorney for JOSEPH ALLEN DAVIS